Gordon PANTER, et al., Plaintiffs,

v.

AMERICAN SYNTHETIC RUBBER CORPORATION, et al., Defendants.

Civ. A. No. C 84–0293–L(A).

United States District Court, W.D. Kentucky, at Louisville.

Feb. 9, 1987.

Michael L. Boylan, Louisville, Ky., for plaintiffs.

J.J. Wantland, Shepherdsville, Ky., for Edrington.

Charles L. Woods, Tony Coleman, Louisville, Ky., for American Synthetic Rubber.

John F. Stewart, Dennis F. Janes, Louisville, Ky., for United Rubber.

Paul Malesick, Akron, Ohio, for all other defendants.

## MEMORANDUM OPINION AND ORDER

ALLEN, Senior District Judge.

This action is before the Court on Defendant's, American Synthetic Rubber Corporation, motion for summary judgment on the ground that Plaintiff Edrington failed to exhaust his contractual remedies, and Plaintiffs' motion to set aside the judgment entered in this case on September 5, 1986, dismissing all claims against Defendants with the exception of Edrington's claim against ASRC for severance pay. The Court will discuss Plaintiffs' motion first.

Plaintiffs' complaint alleges that Defendants violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* by denying their claims to severance pay. In March 1984 Defendant ASRC and Defendant United Rubber, Cork, Linoleum and Plastic Workers of America, Local Union No. 423 ("Union"), which is affiliated with Defendant United Rubber, Cork, Linoleum and Plastic Workers of America, International Union, AFL–CIO, CLC, negotiated a new collective bargaining agreement. Under that agreement, all employees who had been laid-off for more than two years lost their right to recall. Under the former agreement, laid-off employees with two or more years of seniority retained recall rights no matter how long they had been on layoff unless they requested and received severance pay. Under the new agreement Union members would have forty-eight hours after the new contract was ratified in which to request severance pay.

J.J. Edrington was the only plaintiff in the instant case who requested severance pay. Both the new contract and the old contract provided that employees who decided to take severance pay would lose their seniority and recall rights upon receipt of the severance pay.

The Court rejected Plaintiffs' contention that Defendant violated ERISA. Under *Sutton v. Weirton Steel,* 724 F.2d 406 (4th Cir.1983), employees' rights to severance pay may be modified without violating ERISA and must be governed by employment agreements. The Court, therefore, held that the right to severance pay was subject to negotiation between the Union and the ASRC and refused to interfere with that agreement. The Court dismissed all claims against the Unions and all claims against ASRC, with the exception of Edrington's.

■ The Court will sustain its September 5, 1986, order. Plaintiffs did not pay Union dues or seek dues exemptions while on layoff and therefore forfeited their Union membership and lost their rights to participate in the ratification vote of the contract. Further, the Union gave Plaintiffs advance notice that they would not be allowed to participate in the ratification vote and advised the Plaintiffs to obtain an attorney to represent their interests.

■ Next, ASRC's motion for summary judgment on the ground that Edrington failed to exhaust his administrative remedies under the collective bargaining agreement will be granted. Edrington claims that ASRC has failed to pay his severance pay in violation of the new contract. Edrington, however, did not make use of the grievance and procedures provided in Arti-

cle V of that agreement, which culminates in arbitration. Edrington's claim is based upon a breach of the collective bargaining agreement and he is bound by the terms of that agreement as it governs the manner in which contractual rights may be enforced.

Although Edrington argues that ASRC's motion should be denied because it would have been futile for him to have pursued his contractual remedies and that he should, therefore, be excused from doing so, the courts insist upon a clear showing of futility before excusing a failure to exhaust. *Miller v. Chrysler Corp.*, 748 F.2d 323 (6th Cir.1984). In the instant case, the Union's president negotiated for Plaintiffs' rights to apply for severance pay and there is no indication that the Union would have been hostile toward Edrington's grievance.

Accordingly,

IT IS ORDERED that Plaintiffs' motion to set aside the Court's September 5, 1986 order be, and it hereby is, denied.

IT IS FURTHER ORDERED that Defendant ASRC's motion for summary judgment be, and it hereby is, granted.

IT IS FURTHER ORDERED that Plaintiff J.J. Edrington's complaint against ASRC be, and it hereby is, dismissed with prejudice.

This is a final and appealable order and there is no just cause for delay.